15-2845(L)
*Manhattan Beer Distributors LLC v. National Labor Relations Board*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 16th day of November, two thousand sixteen.

Present:
      ROBERT A. KATZMANN,
          *Chief Judge*,
      RICHARD C. WESLEY,
      SUSAN L. CARNEY,
          *Circuit Judges*.

_____

MANHATTAN BEER DISTRIBUTORS LLC,

      *Petitioner-Cross-Respondent*,

          v.                    Nos. 15-2845, 15-3099

NATIONAL LABOR RELATIONS BOARD,

      *Respondent-Cross-Petitioner*.

_____

For Petitioner:                ALLEN B. ROBERTS, Epstein Becker & Green, P.C., New York, NY.

1

For Respondent:          MICHAEL ELLEMENT and Jill A. Griffin (*on the brief*), *for* Richard F. Griffin, Jr., General Counsel, Jennifer Abruzzo, Deputy General Counsel, John H. Ferguson, Associate General Counsel, and Linda Dreeben, Deputy Associate General Counsel, National Labor Relations Board, Washington, D.C.

On petition for review and cross-application for enforcement of an order of the National Labor Relations Board.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**, and the cross-application for enforcement is **GRANTED**.

Petitioner Manhattan Beer Distributors LLC ("Manhattan Beer") petitions for review of a final National Labor Relations Board ("Board") Decision and Order issued on August 27, 2015. In this Decision and Order, the Board found that Manhattan Beer had violated Section 8(a)(1) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(1), by denying former Manhattan Beer employee Joe Garcia Diaz the right to union representation at an investigatory interview that Diaz reasonably believed could result in discipline. The Board also found that Manhattan Beer violated the NLRA by discharging Diaz for refusing to take a drug test without having a union representative present, and accordingly, ordered the remedies of reinstatement and backpay. We assume the parties' familiarity with the facts and procedural history of this case.

"We review the Board's factual findings for whether they are supported by substantial evidence," and "[w]e will enforce the Board's order if its legal conclusions have a 'reasonable

basis in law.'" *NLRB v. Special Touch Home Care Servs., Inc.*, 708 F.3d 447, 453 (2d Cir. 2013) (quoting *NLRB v. Windsor Castle Health Care Facilities, Inc.*, 13 F.3d 619, 623 (2d Cir. 1994)). Here, the Board reasonably construed the NLRA, in light of relevant judicial and administrative precedent, in determining that Diaz had the right to the physical presence of a union representative before consenting to take a drug test in the context of an investigation that he reasonably believed would result in discipline. *See NLRB v. J. Weingarten, Inc.*, 420 U.S. 251, 260, 262 (1975). Therefore, we uphold the Board's conclusion that Manhattan Beer violated Section 8(a)(1) of the NLRA.

In addition, we uphold the Board's award of the make-whole remedy of reinstatement and backpay. Such relief is available when there is "a sufficient nexus between the unfair labor practice committed (denial of representation at an investigatory interview) and the reason for the discharge." *Taracorp Indus.*, 273 N.L.R.B. 221, 223 (1984); *see also* 29 U.S.C. § 160(c). Here, the Board reasonably determined that Manhattan Beer's discharge of Diaz resulted from Diaz's assertion of his *Weingarten* rights. *See Ralphs Grocery Co.*, 361 NLRB No. 9 (2014); *Int'l Ladies' Garment Workers' Union v. Quality Mfg. Co.*, 420 U.S. 276, 280 (1975). In particular, Manhattan Beer's documentation supporting Diaz's termination stated that Diaz was terminated because he "[r]efused to go for drug testing under the reasonable suspicion of substance abuse." J.A. 264. Consequently, we uphold the Board's conclusion that Diaz was entitled to reinstatement and backpay.

3

We have considered all of the parties' remaining arguments and find in them no basis for altering our decision. Accordingly, for the foregoing reasons, Manhattan Beer's petition for review is **DENIED**, and the Board's cross-application for enforcement is **GRANTED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK